# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                         No.  1:20-CR-1565 JB

FELIX CURITS,

       Defendant.

## **DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL SETTING**

       COMES NOW, Defendant, Felix Curtis, by and through his attorney of record, Alonzo J. Padilla, Assistant Federal Public Defender, who moves this Court for an order vacating this case from this Court's November 9, 2020, trial calendar.

       As grounds for this request, counsel for Mr. Curtis states:

       1.    Mr. Curtis is charged in a single count indictment with Involuntary Manslaughter, in violation of 18 U.S.C. § 1112 and 1153.  Mr. Curtis does not oppose his attorney's request to continue his case from the Court's November trial calendar.

       2.    Counsel received discovery from the Government on September 25, 2020. Counsel is anticipating receiving additional discovery from the Government. Counsel needs time to thoroughly review the discovery himself and meet with Mr. Curtis so he can review his discovery. However, due to the pandemic, counsel will not be in a position to meet in person with Mr. Curtis until December at the earliest. In addition, counsel needs additional time to complete his investigation. Counsel will need to travel to the Shiprock

area to conduct his investigation and interview witnesses. Counsel anticipates he will need a minimum of 10 weeks to complete his own investigation before he can be ready for a possible trial. However, the extra time requested by this motion will also provide the parties with adequate time to discuss a possible resolution, which would avoid the need for a trial. For that reason, counsel would request a continuance until mid-January 2021.

3. Assistant United States Attorney David Cowen does not object to the request for a continuance.

4. This is Mr. Curtis' first motion to request continuance of a trial setting.

5. The Federal Rules of Criminal Procedure and the Speedy Trial Act contemplate the use of pretrial resources in an effort to settle cases without trial. See Federal Rule of Criminal Procedure 11(c) and 18 U.S.C. § 3161(h)(1)(G). In this case, the parties are involved in plea negotiations that could resolve this case to avoid a trial. To require this case to go to trial while plea negotiations are moving forward would be a waste of judicial resources. To require this case to go to trial with the prospect of a settlement to avoid trial is contrary to the public interest and efficient closure of criminal cases. Furthermore, the granting of this motion to continue will preserve valuable judicial resources if the Court does not schedule the jury trial until after the parties have advised the Court that plea negotiations have failed. Therefore, the granting of this motion to continue the trial setting will result in a benefit to both Mr. Curtis and the public, which outweighs his and the public's interest in a speedy trial. Understanding this need, the defendant has agreed to waive his right to a speedy trial under 18 U.S.C. § 3161 and he requests that the Court continue the trial of this cause. A failure to grant such continuance

would result in a miscarriage of justice.  See *United States v. Toombs, 574 F.3d, 1262, 1268 (10th Cir. 2009).*

WHEREFORE, Defendant respectfully requests that this Court continue the trial currently set for November 9, 2020 and reset the trial for the Court's mid-January 2021 trial calendar.

FURTHERMORE, Defendant respectfully request that all previously set deadlines in this matter be adjusted to reflect the new trial date should the Court grant said request.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        111 Lomas NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489

        */s/ filed electronically on 11/3/20*
        ALONZO J. PADILLA, AFPD
        Attorney for Defendant