IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                            No. 1:20-CR-1565 JB

FELIX CURITS,

        Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL SETTING**

        COMES NOW, Defendant, Felix Curtis, by and through his attorney of record, Alonzo J. Padilla, Assistant Federal Public Defender, who moves this Court for an order vacating this case from this Court's January 18, 2021, trial calendar.

        As grounds for this request, counsel for Mr. Curtis states:

        1.     Mr. Curtis is charged in a single count indictment with Involuntary Manslaughter, in violation of 18 U.S.C. § 1112 and 1153. Mr. Curtis does not oppose his attorney's request to continue his case from the Court's January trial calendar.

        2.     On December 21, 2020, Chief Judge William Johnson issued a Supplemental Administrative Order 20-MC-00004-49 suspending all jury trials through January 31, 2021.

        3.     Due to the current pandemic counsel has been unable to meet with his client to thoroughly review the discovery. Counsel has been unable to complete his investigation. Counsel needs time to thoroughly review the discovery himself and meet with Mr. Curtis

so he can review his discovery. Counsel will need to travel to the Shiprock area to conduct his investigation and interview witnesses. Counsel anticipates he will need a minimum of 8 weeks to complete his own investigation before he can be ready for a possible trial. However, the extra time requested by this motion will also provide the parties with adequate time to discuss a possible resolution, which would avoid the need for a trial. For that reason, counsel would request a continuance until March 2021.

4. Assistant United States Attorney David Cowen does not object to the request for a continuance.

5. This is Mr. Curtis' second motion to request continuance of a trial setting.

6. The Federal Rules of Criminal Procedure and the Speedy Trial Act contemplate the use of pretrial resources in an effort to settle cases without trial. See Federal Rule of Criminal Procedure 11(c) and 18 U.S.C. § 3161(h)(1)(G). In this case, the parties are involved in plea negotiations that could resolve this case to avoid a trial. To require this case to go to trial while plea negotiations are moving forward would be a waste of judicial resources. To require this case to go to trial with the prospect of a settlement to avoid trial is contrary to the public interest and efficient closure of criminal cases. Furthermore, the granting of this motion to continue will preserve valuable judicial resources if the Court does not schedule the jury trial until after the parties have advised the Court that plea negotiations have failed. Therefore, the granting of this motion to continue the trial setting will result in a benefit to both Mr. Curtis and the public, which outweighs his and the public's interest in a speedy trial. Understanding this need, the defendant has agreed to waive his right to a speedy trial under 18 U.S.C. § 3161 and he

requests that the Court continue the trial of this cause. A failure to grant such continuance would result in a miscarriage of justice. See *United States v. Toombs, 574 F.3d, 1262, 1268 (10th Cir. 2009)*.

WHEREFORE, Defendant respectfully requests that this Court continue the trial currently set for January 18, 2021 and reset the trial for the Court's March 2021 trial calendar.

FURTHERMORE, Defendant respectfully request that all previously set deadlines in this matter be adjusted to reflect the new trial date should the Court grant said request.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

 /s/ *filed electronically on 12/24/20*
ALONZO J. PADILLA, AFPD
Attorney for Defendant