IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 20-CR-01565-JB |
| | ) | |
| FELIX CURTIS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>THE UNITED STATES' SENTENCING MEMORANDUM</u>

The United States of America is in receipt of the Presentence Investigation Report ("PSR", Doc. 36) filed on August 2, 2021.   The United States respectfully submits this sentencing memorandum and requests that the Court impose a sentence of 30 months imprisonment.

<u>BACKGROUND</u>[1]

On August 11, 2020, an Indictment was filed in United States District Court, District of New Mexico, charging Defendant, Felix Curtis, with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112. (Doc. 2.)    On May 14, 2021, Defendant pled guilty to the one-count Indictment without the benefit of a plea agreement. (Doc. 30)

The offense took place on or about September 14, 2019, in Indian Country, in San Juan County, in the District of New Mexico.    Defendant, an Indian, unlawfully killed John Doe while Defendant drove a vehicle under the influence of alcohol.

---

[1] There was no plea agreement in this case.   The factual background in this sentencing memorandum is therefore summarized from the PSR ¶¶ 1 – 13 and the United States' Proffer of Evidence at Trial (Doc. 29.)

1

Defendant is an enrolled member of the Navajo Nation and was driving eastbound on Indian Route 36 near MP26, which is in San Juan County, State and District of New Mexico, near the Northern Edge Navajo Casino and within the exterior boundaries of the Navajo Nation.

Defendant slowed his vehicle down while getting ready to make a left turn onto Canal Road.   At this time, there was a black Harley Davidson Breakout being driven by John Doe, the person named in the Indictment, who was also an enrolled member of the Navajo Nation and traveling westbound on Indian Route 36 near MP26.   At the moment Defendant made a left turn towards Canal Road, he crossed into the opposing traffic lane and directly in the travel path of John Doe.

John Doe's motorcycle collided with the passenger side rear-end of the vehicle that Defendant was driving.   The impact of the collision killed John Doe and caused multiple blunt force injuries.   When law enforcement arrived on scene Defendant was detained and consented to field sobriety tests, which he performed poorly on and showed signs of impairment. Defendant admitted to drinking alcohol prior to driving the vehicle and he voluntarily submitted to a breath test within three hours of driving, which resulted in a blood alcohol concentration (B.A.C.) level of .12 and .11.   In the State of New Mexico, it is unlawful to operate a motor vehicle with a B.A.C. of eight one hundredths or more within three hours of driving.

Defendant recklessly operated the motor vehicle without due caution and circumspection and with a wanton and reckless disregard for human life when he knew and should have known that his conduct imperiled the lives of others.

2

THE SENTENCING GUIDELINES CALCULATION

On August 2, 2021, United States probation issued a PSR calculating Defendant's guideline range as 30 months to 37 months based upon a total offense level of 19 and a criminal history category of I. (PSR ¶ 65.)   The government agrees with the guideline calculations contained in the PSR.

ARGUMENT

As this Court is well-aware, the United States Sentencing Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220, 234 (2005).   In determining a sentence, the district court must consider both the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007).    Under this framework, an appropriate sentence is one that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2)(A-D); *Booker*, 543 U.S. at 261-62. Specific factors relevant to the sentencing analysis include the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1-7). Furthermore, while no presumption of reasonableness attaches to a Guideline sentence, *United States v. Rita*, 551 U.S. 338, 350 (2007), the Court still must consider the sentencing Guideline range. 18 U.S.C. § 3553(a)(4).   In particular, the court may conclude that a Guideline sentence is a "rough approximation" of a sentence that would achieve the objectives of 18 U.S.C. § 3553(a). *Rita*, 551 U.S. at 350.   For the reasons set forth below, a low-end guideline sentence of 30 months is a proper sentence in this case.

3

### 1. Nature and Circumstances of the Offense

Defendant is a relatively young man who made the extremely selfish and devastating decision to drive drunk.   As often the case, there are no do-overs in this type of tragedy. Defendant's actions killed a man.   In determining Defendant's sentence, the Court must consider the "nature and circumstances" of this offense. 18 U.S.C. § 3553(a)(1).   One purpose of this inquiry is distinguishing among defendants who commit a particular offense or type of offense. *See United States v. Cerno*, 529 F.3d 926, 939 (10th Cir. 2008) (Section 3553(a) directs courts to consider "whether the offense committed was more or less heinous than offenses committed by other defendants convicted under the same statute.").   Generally, the more egregious the offense the more severe punishment the Court should impose. *See* 18 U.S.C. § 3553(a)(2)(A) (the sentence imposed should reflect the seriousness of the offense.)   The present case appears to unfortunately be like many other drunk driving accidents.   People get hurt and/or are killed.   Families are devastated and left to pick up the pieces of those hurt or left behind.   Defendant has timely accepted responsibility for his actions, both on the day of the incident and now in federal court.

### 2. History and Characteristics of the Defendant

Defendant will be 27 years old in a few months and despite his lack of criminal history appears to be trending toward a bad path in life as he gets older in age. (PSR ¶¶ 35-37.)   The underlying charges in this case are rooted in alcohol and Defendant making poor choices while under the influence.   While out on conditions of release in this matter, he made similar poor choices while intoxicated and almost killed himself. (PSR ¶¶ 4-6.)

Defendant's father sadly committed suicide when Defendant was only 19 years old, and his father also spent time in prison. (PSR ¶¶ 42-43.)   Defendant faced challenges being raised by his grandmother and grandfather and he was eventually placed in foster case. (*Id*.)

Defendant has faced his own mental health struggles that is not dealt with properly by substance abuse. (PSR ¶¶ 51-54.)   A lack of formal education and sporadic employment has likely hindered Defendant's ability to stay on top of his mental and physical well-being. (PSR ¶¶ 55-60.)   Defendant's upbringing and the choices that he has made appear to have contributed to his lack of education and lack of a stable history of employment. (*Id*. ¶¶ 89-93.)   Defendant's history and characteristics appear to be a major factor, but not an excuse, on why he finds himself before the Court for sentencing on such a serious federal charge.

### 3. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment

This case will be Defendant's first exposure to prison.   In determining the sentence, the United States asks the Court to consider the impact of Defendant's criminal conduct on society. Defendant is dangerous when he drinks alcohol.   Defendant has performed poorly on his conditions of release.   Despite a lack of criminal history, Defendant's future is clear: either he controls his substance abuse and related choices, or he will end up dead or in prison for a long time.   Hopefully such a reality will deter Defendant from future criminal behavior.   The future stakes will only be higher now that Defendant's criminal history continues to grow.

A 30-month sentence is a significant amount of prison time and is justified in this case. The sentence should promote respect for the law, and for a period of time society will be

protected from Defendant's conduct, in particular when he drinks alcohol.   Defendant will be in his late-20s or early-30s when released from federal prison, and hopefully upon release he will have participated in the Bureau of Prison's 500-hour Residential Drug and Alcohol Abuse Program (RDAP), as well as taken advantage of any mental health treatment, counseling, or mentorships that might be available to him.

CONCLUSION

A 30-month sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). WHEREFORE, the United States respectfully requests that this Court sentence Defendant to a term of imprisonment of 30 months followed by 3 years of supervised release.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Filed Electronically* on August 18, 2021
DAVID P. COWEN
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to opposing counsel of record and to U.S. Probation.

_____/s/_____
DAVID P. COWEN
Assistant United States Attorney